UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: | Chapter 7

**CAPITAL CITY PUBLIC CHARTER SCHOOL**  Case No. 21-10163-BAH

    Debtor

---

Michael S. Askenaizer, Trustee of the
Estate of Capital City Public Charter School

    Plaintiff

v.  Adv. Proc. No. 22-01003-BAH

Caroletta Alicea and
Stephanie Alicea

    Defendants

---

**ORDER GRANTING
MOTION TO APPROVE COMPROMISE AND STIPULATION**

The Motion to Approve Compromise and Stipulation, Doc. 30 (the "Motion") came before the Court for hearing pursuant to the Notice of Hearing served in connection therewith, Doc. 30 (the "Hearing Notice").  After having carefully considered the Motion and any objections thereto, the arguments and offers of proof made and any other evidence introduced by the parties that appeared at the hearing and the record of this Case to date, and having found therefrom after due and deliberate consideration good and sufficient cause, it is hereby found, determined, ordered, adjudged, and decreed that:

**Definitions Incorporated by Reference**

1. Except as otherwise defined herein, all capitalized words, terms and phrases defined in the Motion and Settlement Agreement shall have and be given the same meaning when used herein.

**Jurisdiction**

2. This Court has jurisdiction over the adversary proceeding or Action, which is the subject of the Settlement Agreement and the Settlement to be effectuated pursuant thereto.

3. This Court has jurisdiction over this contested matter, the parties, the State of New Hampshire and the other creditors and parties in interest to the Bankruptcy Case and property affected hereby, including without limitation, the Claims settled by the Settlement Agreement and the proceeds thereof, which constitute property of the estate within the meaning of Section 541 of the Bankruptcy Code.

4. The subject matter of the Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Findings of Fact**

5. The Debtor commenced the Bankruptcy Case on March 22, 2021 when it filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. *Doc. 1*.

6. The Plaintiff is the duly appointed Chapter 7 Trustee of the Debtor and its Bankruptcy Estate. *Doc. 5*.

7. On April 6, 2021, the New Hampshire Attorney General, Director of Charitable Trusts filed a Notice of Appearance in the Bankruptcy Case. *Doc. 11*.

8. On September 15, 2021, the New Hampshire Department of Education filed Proof of Claim No. 5-1 in which it asserted a bankruptcy claim or claims arising out of the

same nucleus of alleged operative fact as the Claims subsequently asserted by the Plaintiff in the Complaint.  *Doc. 52 and Adv. Doc. 1*.

9. On January 26, 2022, the Plaintiff filed the Complaint against the Defendants in which he asserted Claims against them in which he sought to recover some or all of the money granted to the Debtor by the State through its Department of Education ("NH DoE").  *Doc. 52 and Adv. Doc. 1*.

10. The Bankruptcy Estate includes the Claims asserted by the Plaintiff against the Defendants.

11. On April 4, 2022, this Court referred the Action to Bankruptcy Judge Peter Cary to conduct a judicial mediation.  *Adv. Doc. 16*.

12. Judge Cary mediated the Actions and the Claims asserted in the Complaint for approximately 10 hours over two days (the "Mediation").

13. The Plaintiff did a substantial amount of due diligence and carefully considered the proposed Settlement Agreement and Settlement before entering into the Settlement Agreement and Settlement negotiated by the Parties during the Mediation.

14. The Plaintiff filed the Motion and contemporaneously, submitted a copy of this Order as a proposal.

15. The Certificate of Service shows that the Plaintiff served the Hearing Notice and Motion on the State and all other creditors and parties in interest entitled to notice under the Bankruptcy Rules applicable to this contested matter.

16. The State was properly served with several copies of the Motion to Approve Compromise, the State did not object to the Motion to Approve Compromise and further, the State has consented affirmatively to the Settlement Agreement and Releases, agreed to

be bound thereby, including the releases to be given to the Defendants and Defendant Released Parties and is and shall continue to be bound by the provisions Settlement Agreement and Releases, including the releases of the State Claims (as defined in Paragraph 3.1(a) of the Settlement Agreement and Releases attached to the Motion to be given the Defendants and Defendant Released Parties pursuant the Settlement.  See *Doc. 33*.  "Supplement to the Motion to Approve Compromise and Settlement Agreement."

      **17.**    No creditor or party in interest objected to the Settlement or Settlement Agreement in writing or orally during the hearing on the Motion.

      **Conclusions of Law**

      **18.**    Plaintiff gave due and proper notice of the Motion, the Settlement Agreement and Settlement to the State and all other creditors and parties in interest entitled to notice thereof under Bankruptcy Rules 2002 and 9019.

      **19.**    The Trustee gave due and proper notice of the Settlement to all creditors and other parties in interest in accordance with Bankruptcy Rules 2002 and 9019, including the State.

      **20.**    The State Claims and all other claims settled by the Settlement and Settlement Agreement are property of the estate and may be compromised and settled by the Trustee.

      **21.**    The State and all other creditors and parties in interest are and shall continue to be bound by the Settlement and Settlement Agreement, including the releases given to the Defendants and Defendant Released Parties therein.

      **22.**    The Plaintiff properly and reasonably determined that the proposed Settlement Agreement and Settlement satisfy the requirement of Bankruptcy Rule 9019 in

all respects.  Without limiting the breadth of the preceding sentence, the Settlement Agreement and Settlement (**a**) fall within the range of reasonably expectable results of the Action, (**b**) are fair and reasonable in all respects, (**c**) further the paramount interests of all creditors and the Bankruptcy Estate, and (**d**) constitute a reasonable and legitimate exercise of the Plaintiff's business judgment

23. The State and all other creditors named in the Debtor's bankruptcy Schedules Statement of Affairs and the Official Claim Register are creditors of the Debtor and parties in interest in the Bankruptcy Case.

24. Public policy favors mediation and settlements reached through the mediation process.

**Order**

25. Subject only to the further terms hereof, the Motion shall be, and hereby is, granted in all respects.

26. The Defendants shall make the settlement payments due the Trustee as and when required by the Settlement Agreement.

27. The releases given by the Parties to each other and the Plaintiff and Defendant Released Parties shall be valid, effective and binding on the date of this order.  Without limiting the effect of the preceding sentence, the State and all other creditors and parties in interest in and to the Bankruptcy Case, including persons and entities claiming by, through or under the State or any of the others, are and shall be bound by the Settlement and Settlement Agreement.

28. The Plaintiff shall dismiss the Action with prejudice as and when required by the Settlement Agreement and Settlement.  Said filing shall be made on or before Friday, December 2, 2022.

29. The parties are authorized, allowed, and directed to do or cause to be done, execute or cause to be executed and take or cause to be taken all such further acts, documents and/or actions as may be necessary or appropriate for the consummation of the Settlement.

30. The terms "state claim" and/or "state claims," as used in the parties "Settlement Agreement and Releases" are synonymous in their meaning and include the "State Proof," as defined in Section 1.15. of the Settlement Agreement and Release.

31. The Settlement Agreement filed contemporaneously with the Motion is approved.

ENTERED at Concord, New Hampshire.

Date: November 16, 2022

/s/ Bruce A. Harwood
Bruce A. Harwood
Chief Bankruptcy Judge